UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NO. 3:07-CR-123(01)RM |
| ) | |
| ARNOLD J. BREWER ) | |

OPINION and ORDER

The government has moved for an order requiring Arnold Brewer to furnish palm prints to law enforcement agents. The government reports that palm prints were recovered from the firearms at issue in this case, and argues that because Mr. Brewer's palm prints currently on file are insufficient for a comparison, Mr. Brewer should be required to furnish additional palm prints.

Mr. Brewer objects to the government's request based on his assertion that no probable cause has been shown for the provision of those prints. According to Mr. Brewer, "the government has alleged only that they have firearms from which palm prints were recovered and they want to know if Mr. Brewer's palm prints match those palm prints. . . . Such an attempt to bolster an investigation falls far short of the requirements of the Fourth Amendment." Resp., at 3.

The Fourth Amendment protects people from unreasonable searches and seizures of their "persons, houses, papers, and effects," but the amendment's prohibition against unreasonable searches and seizures applies only when identifying physical characteristics (such as a person's fingerprints or voice) are obtained during an unlawful detention or arrest or when a bodily intrusion (such

as a blood test) is undertaken without a warrant, absent an emergency. *See* <u>Davis v. Mississippi</u>, 394 U.S. 721 (1969); <u>United States v. Wade</u>, 388 U.S. 218 (1967); <u>Schmerber v. California</u>, 384 U.S. 757 (1966). "The analysis of any Fourth Amendment claim involves a potential violation at two different levels: "the seizure of the person necessary to bring him into contact with government agents . . . and the subsequent search for and seizure of the evidence." <u>United States v. Sechrist</u>, 640 F.2d 81, 85 (7th Cir. 1981) (*quoting* <u>United States v. Dionisio</u>, 410 U.S. 1, 8 (1973)); *see also* <u>United States v. Ceballos</u>, 385 F.3d 1120, 1123 (7th Cir. 2004) ("Obtaining physical evidence from a person may involve a Fourth Amendment violation at two levels. These two levels include the seizure of the person and the search and seizure of evidence.").

To the extent Mr. Brewer challenges the furnishing of palm prints as an unreasonable search, his motion is without merit. The furnishing of palm prints does not violate his Fourth or Fifth Amendment rights. *See* <u>United States v. Mara</u>, 410 U.S. 19 (1973) (handwriting); <u>United States v. Dionisio</u>, 410 U.S. 1 (1973) (voice exemplars); <u>Gilbert v. California</u>, 388 U.S. 263 (1967) (handwriting); <u>Schmerber v. California</u>, 384 U.S. 757 (1966) (blood). To the extent Mr. Brewer challenges the furnishing of his palm prints based on an unlawful arrest, an argument for suppression of the evidence under the "fruit of the poisonous tree" doctrine is available to him in connection with his motion to suppress, currently set for hearing on February 20, 2008. *See* <u>Davis v. Mississippi</u>, 394 U.S. at 724

("all evidence obtained by searches and seizures in violation of the Constitution is . . . inadmissible") (*quoting* Mapp v. Ohio, 367 U.S. 643, 655 (1961)).

The government's motion to require Mr. Brewer to furnish palm prints [docket # 17] is GRANTED. Per Mr. Brewer's request, counsel are directed to schedule the taking of Mr. Brewer's palm prints at a time that will allow Mr. Brewer's counsel to be present.

SO ORDERED.

ENTERED:   February 19, 2008

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court